**Angela SCREEN**

v.

**EQUIFAX INFORMATION SYSTEMS, LLC, et al.**

**No. CIV.A.DKC 2003–3305.**

United States District Court, D. Maryland.

Jan. 15, 2004.

Sonya Anjanette Smith, Smith Morton LLC, Riverdale, MD, for Plaintiff.

Nathan Daniel Adler, Neuberger Quinn Gielen Rubin and Gibber PA, Baltimore, MD, Robert W Hesselbacher, Jr, Wright Constable and Skeen LLP, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this Fair Credit Reporting Act (FCRA) case is the motion by Defendant Town and Country Management, Inc. (Town & Country) to dismiss, pursuant to Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction. The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the court will grant the motion to dismiss. However, the court will allow the parties 15 days to express views on whether the entire case should be transferred to a proper locale where both Defendants may be sued or whether the claims against Defendant Town & Country should be dismissed and the case against Equifax remain in this court.

## I. Background

### A. Factual Background

The following are facts alleged by Plaintiff Angela Screen. Plaintiff, now a resident of Maryland, leased an apartment in Alabama from Defendant Town and Country Management, Inc. (Town & Country) from June 1996 through August 1996, during which time she paid her rent in full

and on time. In August 1996, Plaintiff terminated her lease with Defendant Town & Country, and moved to Maryland. In October 1997, Defendant Town & Country reported to Defendant Equifax Information Services, LLC (Equifax) that Plaintiff owed a balance of $1,460. In March 2003, Plaintiff attempted to obtain a mortgage loan through the Neighborhood Assistance Corporation of America, which obtained a combined credit report from Defendant Equifax and two other credit reporting agencies.

Plaintiff subsequently contacted Defendant Equifax and spoke with an agent who informed her that Defendant Town & Country had verified the outstanding balance. On various dates from June 2003 through August 2003, Plaintiff contacted Defendant Town & Country by telephone, "requesting and demanding" that the allegedly incorrect credit information as reported by Defendant Equifax be corrected. Paper 1 at ¶ 34. An employee with Defendant Town & Country confirmed that it did not have any record of the balance and informed Plaintiff that it would issue a correction to Defendant Equifax. Plaintiff ultimately was denied credit for the mortgage loan.

### B. Procedural Background

On November 18, 2003, Plaintiff filed a complaint against Defendants Equifax and Town & Country, alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and defamation. Defendant Town & Country has moved to dismiss the complaint against it, pursuant to Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction.

## II. Standard of Review

 When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Fed.R.Civ.P. 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 59–60 (4th Cir.1993)). If the existence of jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir.1989). If the court chooses to rule without conducting an evidentiary hearing, relying solely on the basis of the complaint, affidavits and discovery materials, "the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst of Maryland,* 334 F.3d at 396. *See also Mylan Labs.,* 2 F.3d at 60; *Combs,* 886 F.2d at 676. In determining whether the plaintiff has proven a prima facie case of personal jurisdiction, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan,* 2 F.3d at 60; *Carefirst of Maryland,* 334 F.3d at 396.

 A court may not exercise personal jurisdiction over a non-resident defendant unless the activities of that individual are sufficient to subject the party to that forum's long-arm statute. Maryland's long-arm statute, Md.Code Ann., Cts. & Jud. Proc. § 6–103(b), authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *See ALS Scan, Inc. v. Digital Service Consultants, Inc.,* 293 F.3d 707, 710 (4th Cir.2002), *cert. denied,* 537 U.S. 1105, 123 S.Ct. 868, 154 L.Ed.2d 773 (2003); *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum*

*Factory,"* 283 F.3d 208, 212–13 (4th Cir.), *cert. denied,* 537 U.S. 822, 123 S.Ct. 101, 154 L.Ed.2d 30 (2002). Thus, the inquiry for the court is whether the defendant purposefully established "minimum contacts" with Maryland such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). *See also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Base Metal Trading, Ltd.,* 283 F.3d at 213.

The crucial issue is whether the defendant's contacts with the forum state, here Maryland, are substantial enough that it "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). A defendant has fair warning that it might be subject to a forum's jurisdiction if it purposefully directs its activities at forum residents and "the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp.,* 471 U.S. at 472, 105 S.Ct. 2174 (citing *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Where a nonresident defendant purposefully has engaged in significant activities within the forum state or has created "continuing obligations" with residents of the forum state, the defendant has obtained the benefits and privileges of conducting business there—and thus, "it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Burger King Corp.,* 471 U.S. at 476, 105 S.Ct. 2174.

## III. Analysis

### A. Personal Jurisdiction

Defendant Town & Country is incorporated in Alabama; operates its only office in Enterprise, Alabama; manages rental properties solely in the southeast Alabama area; and does not do any business (or any business-related activity) in Maryland. *See* Paper 7, Ex. 1 (Affidavit of Shawn Reeves). Plaintiff does not contest any of these factual assertions. Because Defendant Town & Country has no presence—physical, commercial or otherwise—in Maryland, the only clause of the Maryland long-arm statute upon which Plaintiff conceivably can rely is § 6–103(b)(4), which provides for the exercise of personal jurisdiction over a person who

> [c]auses tortious injury in the State or outside of the State by an act or omission *outside* the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State.

Md.Code Ann., Cts. & Jud. Proc. § 6–103(b)(4) (emphasis added). Under this provision, "a defendant's contacts with Maryland must be extensive, continuous and systematic before the defendant can be held to be subject to specific jurisdiction in a Maryland court." *Virtuality L.L.C. v. Bata Ltd.,* 138 F.Supp.2d 677, 683 (D.Md. 2001). *See also Stover v. O'Connell Assoc., Inc.,* 84 F.3d 132, 136 n. * (4th Cir.) ("plain language [of § 6–103(b)(4)] would appear to require greater contacts than the specific jurisdiction jurisprudence requires"), *cert. denied,* 519 U.S. 983, 117 S.Ct. 437, 136 L.Ed.2d 334 (1996).

To sustain personal jurisdiction over Defendant Town & Country, Plaintiff must "produce competent evidence" of these contacts, which typically includes sworn affidavits. *Estate of Bank v. Swiss*

*Valley Farms, Co.*, 286 F.Supp.2d 514, 516 (D.Md.2003). Here, Plaintiff has submitted only a consumer dispute verification form sent from Defendant Town & Country to Defendant Equifax regarding Plaintiff—which, by her own admission, at most shows only that Defendant Town & Country "was aware of Plaintiff's Maryland address when verifying the negative and inaccurate account information to Defendant Equifax causing harm to the Plaintiff in Maryland." Paper 11 and Ex. 1. This submission, without more, is plainly insufficient to satisfy Plaintiff's burden of establishing a *prima facie* case of personal jurisdiction over Defendant Town & Country.

Plaintiff has cited a number of credit reporting cases decided outside this jurisdiction to bolster her argument in favor of exercising personal jurisdiction over Defendant Town & Country in this court. However, all of these cases are readily distinguishable from the present case. For instance, in *Rivera v. Bank One*, 145 F.R.D. 614 (D.P.R.1993), the court found personal jurisdiction proper because the defendant "voluntarily and purposefully generated contacts with this forum in an effort to collect the outstanding debt." *Id.* at 624. Moreover, the court concluded that the record contained "ample evidence of communications between plaintiff and defendant which tend to establish that defendant was aware that its continued refusal to correct plaintiff's credit report was

causing plaintiff injury in [the forum state]." *Id.* Unlike the defendant in *Rivera*, Defendant Town & Country did not request Plaintiff's credit report and it did not attempt to collect any alleged outstanding balance owed by Plaintiff; nor is such "ample evidence" of communication present in the record before the court.[1]

More generally, Defendant Town & Country acted only in response to communications initiated by Plaintiff and Defendant Equifax. Therefore, it cannot be said that Defendant Town & Country purposefully established contacts with, or directed conduct at, Maryland so that personal jurisdiction is proper in this court. In sum, the record demonstrates that Defendant Town & Country's attenuated contacts with Maryland, namely the verification form and the telephone calls it received from Plaintiff, are not enough to confer personal jurisdiction.

### B. Disposition of the Case

■ Where venue is appropriate for one defendant but not another, as here, the district court "has a wide choice." 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3827 (2d ed.1986). Because this court cannot exercise personal jurisdiction over Defendant Town & Country, the court must decide whether to transfer the entire case, pursuant to 28 U.S.C. § 1406(a), to another forum that would be proper for both Defendants.[2] *See In re*

---

1. This discussion also serves to distinguish the instant case from that of *Myers v. Bennett Law Offices*, 238 F.3d 1068 (9th Cir.2001), another case relied on by Plaintiff. In *Myers*, the court determined that the defendant "acted intentionally when it sent its request for a credit inquiry," as the request was "expressly aimed" at the forum state "because it individually targeted" the plaintiffs, whom the defendant knew were residents of the forum state. As already discussed, Defendant Town & Country did not request Plaintiff's credit report or perform any other affirmative or vol-

untary conduct with respect to Plaintiff; thus, it cannot have taken any actions that can be viewed as "expressly aimed" at Maryland or that "individually targeted" Plaintiff.

2. Section 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

*Carefirst of Maryland, Inc.,* 305 F.3d 253, 255–56 (4th Cir.2002) (§ 1406(a) "interpreted to authorize transfers in cases where venue is proper but personal jurisdiction is lacking or some other impediment exists that would prevent the action from going forward in that district"). Alternatively, the court may dismiss Defendant Town & Country from the action and retain the case as to Defendant Equifax. *See* 15 Wright & Miller § 3827.

The district court has the sound discretion to elect either option. *See Robbins v. Yutopian Enter., Inc.,* 202 F.Supp.2d 426, 431 (D.Md.2002). Before the court decides which action to take, the parties will be provided an opportunity to express their views on the issue.

## IV. Conclusion

For the foregoing reasons, the court will grant Defendant Town & Country's motion to dismiss for lack of personal jurisdiction. However, the court will allow the parties 15 days to express views on whether the entire case should be transferred to a proper jurisdiction or whether Town & Country should be dismissed as a defendant in order to retain the case in this court. A separate Order will follow.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this 15th day of January, 2004, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion by Defendant Town & Country to dismiss for lack of personal jurisdiction (Paper 7) WILL BE GRANTED;

2. The parties may submit memoranda on whether the entire case should be transferred or Defendant Town & Country

28 U.S.C. § 1406(a).

dismissed from this action, no later than January 30, 2004; and

3. The Clerk will transmit copies of this Memorandum Opinion and this Order to counsel for the parties.